UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AQUARIUS, LTD., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CASE NO. ) ) **JURY TRIAL DEMANDED** |
| SWANK, INC. | ) ) |
|     Defendant. | ) ) |

## COMPLAINT

This is Aquarius, Ltd.'s ("Aquarius") Complaint against Defendant Swank, Inc. ("Defendant"). Aquarius owns the exclusive rights to use its trademark SOFT COLLECTION with leather products, including belts. After Aquarius established rights in the SOFT COLLECTION mark, Defendant began using SOFT TOUCH COLLECTION with leather products, including belts. Defendant's use of a nearly identical mark on its goods is likely to cause confusion.

## JURISDICTION AND VENUE

1. This is an action for trademark infringement and related unfair competition. Aquarius seeks preliminary and permanent injunctive relief and damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (trademark and related unfair competition), and 1367 (supplemental jurisdiction).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c). On information and belief, Defendant transacts business in this judicial district and is subject to personal jurisdiction in this judicial district. For example, Defendant distributes its products to Macy's, Inc., for sale within this judicial district.

4. On information and belief, a substantial part of the activities and events giving rise to Aquarius's claims occurred in this judicial district and a substantial part of the property that is the subject of this action is situated in this judicial district.

## THE PARTIES

5. Aquarius is a Missouri corporation with its principal place of business at 3200 South Kingshighway Boulevard, St. Louis, Missouri 63139.

6. Upon information and belief, Swank is a Delaware corporation with its principal place of business at 90 Park Avenue, New York, New York 10016.

7. Upon information and belief, Defendant uses the trademark at issue in this case in connection with products that are offered for sale in the Eastern District of Missouri.

### Aquarius's Trademark

8. Aquarius uses the SOFT COLLECTION trademark in connection with leather products, including belts.

9. Aquarius has used the SOFT COLLECTION trademark continuously since at least as early as September 30, 1998.

10. Aquarius is the owner of the trademark SOFT COLLECTION as used in connection with belts. Aquarius also owns incontestible U.S. Trademark Registration No. 3,054,190 (referred to as the "SOFT COLLECTION Mark"). A true and correct copy of this registration is attached hereto as Exhibit 1.

11. Aquarius has advertised and promoted the SOFT COLLECTION Mark extensively.

12. As a result of these activities, the SOFT COLLECTION Mark has achieved consumer recognition in the field of belts, and is entitled to broad protection against infringement.

13. Consumers recognize the SOFT COLLECTION Mark as pointing uniquely and unmistakably to Aquarius and, more particularly, Aquarius's belts.

14. Aquarius possesses the right to exclude others from using any mark that is likely to cause confusion with the SOFT COLLECTION Mark.

15. Aquarius possesses the exclusive right to use the SOFT COLLECTION Mark in connection with belts. Examples of such use follow:





**Swank's Infringing Activities**

16. Defendant uses the mark SOFT TOUCH COLLECTION (hereinafter the "Infringing Mark") in commerce in connection with the sale, offering for sale, distribution, and/or advertising of goods, including belts. An example of Defendant's use of the Infringing Mark follows:



17. Defendant's use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Aquarius.

18. The unauthorized use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Aquarius.

19. Aquarius is not connected with Defendant, nor has it approved of or authorized the sale of products offered by Defendant under the Infringing Mark.

20. Defendant's use of the Infringing Mark in connection with its products will deceive consumers by causing consumers to presume a connection. This is particularly the case in light of Aquarius's core business, which is to sell belts.

21. On information and belief, Defendant has persisted in its use of the Infringing Mark and intends to continue using the Infringing Mark despite its knowledge of Aquarius's SOFT COLLECTION Mark.

22. On information and belief, Defendant's actions in conjunction with its use of the Infringing Mark are willful and intentional acts and are causing confusion of the public to the detriment of Aquarius and Aquarius's business reputation.

23. Aquarius is incurring, and will continue to incur, damages because of Defendant's unauthorized use of the Infringing Mark.

## COUNT I

### Trademark Infringement Under 15 U.S.C. § 1114

24. Aquarius incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

25. Aquarius is owner of record of U.S. Trademark Registration No. 3,054,190, which was filed on December 23, 2004 and was granted registration on January 31, 2006 for the mark SOFT COLLECTION in connection with a range of leather products, including belts.

26. U.S. Trademark Registration No. 3,054,190 is incontestable under 15 U.S.C. § 1065, and is prima facie evidence of Aquarius's ownership of and exclusive right to use the SOFT COLLECTION Mark.

27.     Defendant's use of the Infringing Mark in connection with the sale, offering for sale, distribution or advertising of Defendant's goods is likely to cause confusion, or to cause mistake, or to deceive.

28.     On information and belief, Defendant's use of the Infringing Mark has been and continues to be made without Aquarius's permission, and with knowledge of Aquarius's prior use of and rights to the SOFT COLLECTION Mark. On information and belief, such use has been and continues to be with knowledge of the impact Defendant's infringing activities have on Aquarius.

29.     Defendant has caused, and will continue to cause damage and irreparable injury to Aquarius in violation of 15 U.S.C. §1114.

## COUNT II

### Trademark Infringement and Violation of 15 U.S.C. § 1125

30.     Aquarius incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

31.     On information and belief, Defendant has been and is infringing Aquarius's SOFT COLLECTION Mark. Defendant's actions are in violation of 15 U.S.C. § 1125.

32.     Aquarius owns valid trademark rights pertaining to Aquarius's SOFT COLLECTION Mark.

33.     Defendant's use of the Infringing Mark in commerce is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Aquarius with Defendant, or as to the origin, sponsorship or approval by Aquarius of Defendant's goods or commercial activities.

34. Defendant's conduct has damaged and will continue to damage and irreparably harm Aquarius.

## COUNT III

## Common Law Trademark Infringement

35. Aquarius incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

36. Aquarius's substantially continuous and exclusive ownership and exercise of legitimate control over the use of the SOFT COLLECTION Mark throughout much of the United States, including Missouri, has entitled Aquarius to common law trademark rights.

37. The public and trade have come to identify the SOFT COLLECTION Mark with Aquarius.

38. Defendant's use of the Infringing Mark is likely to cause members of the public and trade to believe that the goods and services of Defendant marketed and sold thereunder originates with or are produced by, or are associated with, endorsed by, or under the sponsorship or control of Aquarius.

39. Aquarius has no control over the quality of the goods or services Defendant markets and sells under the Infringing Mark with the result that Aquarius's valuable goodwill may be irreparably injured by the acts of Defendant.

40. By reason of the foregoing acts of Defendant, Aquarius has sustained -- and unless Defendant is enjoined -- will continue to sustain substantial injury, damage and continuing irreparable harm for which Aquarius has no adequate remedy at law if Defendant is allowed to continue to use the Infringing Mark in any form.

## COUNT IV

### Common Law Unfair Competition

41. Aquarius incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

42. On information and belief, the acts by Defendant's alleged in this Complaint constitute willfully-undertaken unfair and deceptive acts and practices in trade or business.

43. Defendant has attempted to use these unfair acts and business practices to hinder competition by Aquarius. Such acts and practices constitute unfair competition under the common law of the State of Missouri.

44. By reason of the foregoing acts of Defendant, Aquarius has sustained -- and unless Defendant is enjoined -- will continue to sustain substantial injury, damage and continuing irreparable harm for which Aquarius has no adequate remedy at law if Defendant is allowed to continue to use the Infringing Mark in any form.

## COUNT V

### Trademark Dilution and Violation of Mo. Rev. Stat. § 417.061

45. Aquarius incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

46. Defendant's Infringing Mark is nearly identical to Aquarius's SOFT COLLECTION Mark.

47. Aquarius's SOFT COLLECTION Mark is distinctive.

48. Defendant's continued use of the Infringing Mark will inexorably have an adverse effect upon Aquarius's business reputation and upon the value of Aquarius's SOFT COLLECTION Mark in violation of Missouri Revised Statutes § 417.061.

49. Defendant's continued use of the Infringing Mark will dilute the distinctive quality of Aquarius's SOFT COLLECTION Mark and will eventually result in Aquarius's SOFT COLLECTION Mark being deprived of all distinctiveness.

50. By reason of the foregoing acts of Defendant, Aquarius has sustained -- and unless Defendant is enjoined -- will continue to sustain substantial injury, damage and continuing irreparable harm for which Aquarius has no adequate remedy at law if Defendant is allowed to continue to use the Infringing Mark in any form.

## **PRAYER FOR RELIEF**

WHEREFORE, Aquarius prays for judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, its agents, servants, employees, attorneys and all persons in active concert, privity or participation with Defendant from doing, abiding, causing or abetting any of the following:

   (a) use of the Infringing Mark;

   (b) use of any mark that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Aquarius, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Aquarius; and

   (c) engaging in any acts or activities directly or indirectly calculated to trade upon Aquarius's SOFT COLLECTION mark, or the reputation or goodwill of Aquarius, or in any manner unfairly compete with Aquarius.

2. Directing Defendant to file with this Court and serve on Aquarius within three (3) days after service of the injunction order herein prayed for a report in writing, under oath, setting forth in detail the manner and the form in which Defendant has complied with such order;

3. Directing Defendant to eliminate the Infringing Mark from all Defendant's products, to destroy all non-electronic advertising, press releases, and any other literature that references the Infringing Mark, and to remove the Infringing Mark from Defendant's website(s) and all other electronic advertising, press releases, or any other literature.

4. Directing Defendant to undertake corrective advertising sufficient to absolutely distance and distinguish Defendant, its business products, goods and/or services, from Aquarius;

5. Directing an accounting to be had of Defendant's sales and profits and that judgment be rendered against Defendant for: (a) all profits derived by Defendant in relation to the above-complained of activities; (b) all damages suffered by reason of Defendant's infringing activities and that such damages be trebled; and (c) Aquarius's attorneys' fees and costs pertaining to this action; and

6. Awarding Aquarius such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury on all issues so triable.

>
> Respectfully submitted,
>
> THOMPSON COBURN LLP
>
> By: /s/Benjamin R. Askew
> Matthew A. Braunel, #50711MO
> Benjamin R. Askew, #58933MO
> Thompson Coburn LLP
> One US Bank Plaza
> St. Louis, Missouri 63101-1611
> Telephone: 314-552-6000
> Facsimile: 314-552-7000
> E-mail: mbraunel@thompsoncoburn.com
> E-mail: baskew@thompsoncoburn.com
>
> *Attorneys for the Plaintiff Aquarius, Ltd.*